IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KLAY AKEREDOLU-WEAVER, § § Plaintiff, § § VS. § § MRG MERIDIAN APARTMENTS § LTD. and MRG BOULDERS § APARTMENTS LTD. § § Defendants. § | Civil Action No. 3:20-cv-3532 **JURY DEMAND** |

## COMPLAINT AND JURY DEMAND

Plaintiff Klay Akeredolu-Weaver ("Plaintiff" or "Mr. Weaver"), by and through his undersigned counsel, and for his Complaint in this action against Defendants MRG Meridian Apartments Ltd. and MRG Boulders Apartments Ltd., (collectively, "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This is an action for injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful employment practices against Plaintiff, including its discriminatory treatment and harassment of Plaintiff due to his race and gender identity and its unlawful retaliation against him after he complained about unlawful harassment in the workplace in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), and § 21.051 of the Texas Labor Code ("TLC").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

[1]

1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because Defendants are residents and have a principal place of business in this judicial district.

## ADMINISTRATIVE PROCEDURES

4. Prior to the filing of this Complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e *et seq*. ("Title VII").

5. Plaintiff was issued a notice of right to sue by the EEOC on September 2, 2020.

6. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

7. Plaintiff Klay Akeredolu-Weaver is a resident of Lubbock County, Texas. At all relevant times, Plaintiff is and has been a resident of the State of Texas and met the definition of an "employee" under all applicable statutes.

8. Upon information and belief, Defendants MRG Meridian Apartments Ltd. ("Meridian") and MRG Boulders Apartments Ltd. ("Boulders") is engaged in multifamily property rental. At all relevant times, Meridian and Boulders have met the definition of an "employer" under all applicable statutes.

## FACTUAL ALLEGATIONS

9. Plaintiff is a former employee of both Meridian and Boulders.

10. Plaintiff is a black, transgender man.

11. Plaintiff began his employment at Meridian on or about June 2019 as a

[2]

Maintenance Man. Plaintiff was first brought on in a contract position and became a full-time employee on or about August 7, 2019. Plaintiff was a model employee and had been able to complete all tasks assigned in a timely and efficient matter. Plaintiff had not been written up while employed at Meridian or Boulders. Plaintiff received five-star evaluations and even a pay raise.

**Outing of Transgender Identity at Meridian**

12. Plaintiff did not tell anyone at Meridian of his gender identity- a transgender man, as there are concerns of safety and ridicule when stating one's gender identity. Even on social media, Plaintiff did not befriend anyone at Meridian or Boulders to keep his identity and life outside of work separate.

13. However, an employee at Meridian found out that Plaintiff was a transgender man and told other employees, which then was told to others, including a tenant residing at Meridian. Plaintiff officially found out he was outed on or around October 19, 2019 when the resident privy to the conversation approached Plaintiff and asked him about his gender identity.

**Change in Workplace Conditions**

14. Once Plaintiff was outed, the workplace for Plaintiff changed significantly. There were already charged, and harmful rhetoric spoken about lesbian, gay, bisexual, transgender, queer (LGBTQ) people at Meridian; however, the conversations and actions became more targeted toward Plaintiff. The maintenance supervisor, Keith Lasley became very hostile toward Plaintiff.

15. Mr. Lasley was suddenly critical of Plaintiff's work and even tried to blame a lower tenant occupancy rate at Meridian on Plaintiff, which at the time, occupancy was at 94%, which is a very good occupancy rate.

16. Mr. Lasley even sought to terminate Plaintiff, and shared his intentions with a lead maintenance man, David Bergantino. Mr. Lasley demanded that Mr. Bergantino find a reason to write-up Plaintiff three times, which would result in termination. Mr. Lasley sought to replace Plaintiff with another employee. Mr. Bergantino refused, as Plaintiff was an excellent employee. Additionally, Mr. Lasley refused to consider Plaintiff for an open assistant supervisor position, even when the person who was offered the position refused and recommended Plaintiff.

17. Plaintiff grew tired of the harassment and bullying that was taking place at Meridian. Plaintiff along with another employee filed a statement with HR on or about March 2020.

18. Shortly after the filing of the statement with HR, Plaintiff was terminated. While the claim was that Plaintiff was laid off due to Covid-19, the only maintenance men who were laid off were Plaintiff and the other employee who filed the complaint.

**Move to Boulders' Property**

19. Plaintiff was transferred to Boulders on or around end of July 2020. At first when Mr. Lasley made the call to Plaintiff, Plaintiff was only offered a contract position as a painter, which he refused. It was not until Plaintiff contacted the Human Resources department and a conference call among Mr. Lasley, the HR representative, Kelly, and Plaintiff revealed that Plaintiff was supposed to be offered a full-time maintenance position.

20. Plaintiff accepted the position and returned to work at Boulders as a full-time Maintenance Man. However, because the system showed Plaintiff as terminated, Plaintiff had to complete new hire paperwork, and lost access to all employee records prior to his re-hire date.

21. Upon moving to Boulders, the work environment for Plaintiff did not change. Plaintiff was not issued a set of keys in a timely manner, which limited his ability to do the job

needed. Plaintiff was locked out of apartments which he was assigned to make ready for incoming tenants. Plaintiff had to constantly deal with hostility from co-workers and management. Plaintiff had to continually advocate for his rental discounts and for pay discrepancies.

22. The environment became so toxic that Plaintiff resigned his position at Boulders and obtained a new job with reduced pay in a different industry. Additionally, Plaintiff sought counseling services and was prescribed anti-depressants.

## FIRST CAUSE OF ACTION

### (Discrimination in Violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e *et seq*.)

23. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

24. Defendants' conduct as alleged at length herein constitutes discrimination based on gender identity in violation of Title VII.

25. As a direct and proximate result of Defendants' unlawful discriminatory conduct, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income for which he is entitled to an award of monetary damages and other relief.

## SECOND CAUSE OF ACTION

### (Retaliation for Engaging in Protected Activity)

26. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

27. Defendants' conduct as alleged above constitutes retaliation against the Plaintiff

because he engaged in activities protected by Title VII.

28. As a direct and proximate result of Defendants' unlawful retaliatory conduct, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income for which he is entitled to an award of monetary damages and other relief.

### THIRD CAUSE OF ACTION

**(Discrimination in Violation of the Texas Labor Code)**

29. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

30. Defendants' conduct as alleged above constitutes unlawful discrimination based on gender identity in violation of the Texas Labor Code.

31. As a direct and proximate result of Defendants' unlawful retaliatory conduct, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income for which he is entitled to an award of monetary damages and other relief.

### THIRD CAUSE OF ACTION

**(Retaliation for Engaging in Protected Activity)**

32. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

33. Defendants' conduct as alleged above constitutes retaliation against the Plaintiff because he engaged in activities protected by Title VII.

34. As a direct and proximate result of Defendants' unlawful retaliatory conduct, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but

not limited to, loss of past and future income for which he is entitled to an award of monetary damages and other relief.

## FIFTH CAUSE OF ACTION

### (Hostile and Abusive Working Environment)

35. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

36. Defendants' conduct as alleged above constitutes a hostile and abusive working environment in violation of Title VII and the Texas Labor Code.

37. As a direct and proximate result of Defendants' hostile and abusive working environment, Plaintiff has suffered damages for which he is entitled to an award of monetary damages and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendant, containing the following relief:

A. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

B. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his severe mental anguish and emotional distress,

humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

D. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

E. An award of punitive damages;

F. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

G. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: December 1, 2020.

*[Pro Hac Vice Motion Forthcoming]*

Respectfully submitted,

*/s/ Fran Watson*

Fran Watson, Attorney at Law
Texas State Bar No.: 24070816
6200 Savoy Dr. Suite 1202
Houston, Texas 77036
Telephone: (281) 954-0590
Facsimile: (832) 553-1875
E-mail: fran.watson@fwatsonlaw.com

[8]