IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KLAY AKEREDOLU-WEAVER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-cv-03532-M |
| | § | |
| MRG MERIDIAN APARTMENTS LTD, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss Complaint, filed by Defendants MRG

Meridian Apartments, Ltd. and MRG Boulders Apartments, Ltd.  ECF No. 28.  For the reasons

stated below, the Motion is **GRANTED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On December 1, 2020, Plaintiff filed the Complaint against Defendants, asserting claims

of discrimination, retaliation, and hostile work environment, in violation of Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*, and the Texas Labor Code.  *See*

Compl. (ECF No. 1) §§ 23–37.  Plaintiff alleges that, on September 2, 2020, he received a notice

of right to sue from the Equal Employment Opportunity Commission.  Compl. (ECF No. 1) ¶ 5.

On January 22, 2022, following Plaintiff's request, summons were issued as to both

Defendants.  ECF No. 9.  On March 25, 2021, Plaintiff moved for and received an extension of

time to serve Defendants, on the grounds that Plaintiff had unsuccessfully attempted to serve

Defendants through Defendants' attorney.  ECF No. 10.  Documents attached to Plaintiffs'

request for an extension reveal that a process server had attempted to serve Defendants' attorney

multiple times by visiting his offices. *Id.* at 3–5. Plaintiff subsequently filed certificates of service from the Texas Secretary of State, indicating that return receipts from Defendants MRG Boulders Apartments, Ltd. and MRG Meridian Apartments Ltd. had been received by the Secretary of State's office on April 2, 2021, and May 6, 2021, respectively.

Defendants did not answer or otherwise respond to Plaintiff's Complaint, and on June 10, 2021, the Court directed Plaintiff to move for entry of default and default judgment; the Clerk of Court subsequently entered default against Defendants and Plaintiff moved for default judgment. ECF Nos. 16, 17, 18, 19.

In response, on July 6, 2021, Defendants moved to set aside the entry of default, arguing that Plaintiff had not properly served Defendants and good cause existed to set aside the default. ECF No. 23. On August 23, 2021, the Court set aside the default, without reaching the question of whether Defendants were properly served. ECF No. 26. Defendants now move to dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. ECF No. 28.

## II.   ANALYSIS

Defendants argue that Plaintiff has yet to properly serve Defendants in this case, justifying dismissal. A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. *E.g.*, *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007). The party making service has the burden of demonstrating its validity when an objection to service is made. *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

For service to be effective, a plaintiff must comply with Federal Rule of Civil Procedure 4. Rule 4(h) provides that a domestic or foreign corporation, or a partnership or other unincorporated association may be served in the manner prescribed by Rule 4(e)(1) for serving

an individual, or by delivering a copy of the summons and a copy of the complaint to an agent

authorized by appointment by or law to receive service of process and, if required by statute,

mailing a copy of each to the defendant.  Rule 4(e)(1) of the Federal Rules of Civil Procedure

allows service by "following state law for serving a summons in an action brought in courts of

general jurisdiction in the state where the district court is located or where service is made."

Texas is the forum state for service of process.  In Texas, when the defendant is a

business organization, service of process is governed by the Texas Business Organizations Code.

*See* Tex. Bus. Orgs. Code § 5.251.  Service may be made on the organization's registered agent,

president, or any vice president.  *Id.* §§ 5.201, 5.255.  The Texas Secretary of State becomes the

agent for service of process of a corporation whenever "the registered agent of the entity cannot

with reasonable diligence be found at the registered office of the entity."  *Id.* § 5.251.  "Only

after the registered agent of a corporation cannot be found with reasonable diligence at the

registered office can the Secretary of State act as agent of the corporation for service of process."

*Marrot Commc'ns, Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 377 (Tex. App.—Houston

[1st] 2007, pet. denied).  A single attempt to serve process at the registered agent's address may

be sufficient in some circumstances to demonstrate reasonable diligence, but "the record must

reflect that there was at least one such attempt before service on the Secretary of State is proper."

*Acadian Properties Austin, LLC v. KJMonte Invs., LLC*, No. 08-20-00048-CV, 2021 WL

3260942, at *6 (Tex. App.—El Paso July 30, 2021, no pet. h.).  Texas law requires "strict

compliance with the rules for service of process."  *Primate Constr., Inc. v. Silver*, 884 S.W.2d

151, 152 (Tex. 1994).

Defendants contend that Plaintiff did not exercise reasonable diligence in serving

Defendants' registered agent at his registered office, prior to resorting to service through the

Secretary of State.  Specifically, Defendants contend that Plaintiff did not make a single attempt

to serve their registered agent, Douglas Berman, and instead only made attempts to serve

Defendants' attorney at a different office location.  Because the record contains no indication

that Plaintiff attempted to serve Defendants' registered agent Douglas Berman even once before

serving via the Secretary of State, Defendants maintain that Plaintiff has yet to properly serve

Defendants.

The Court agrees.  There is no evidence of any effort to serve Defendants' registered

agent, and thus no evidence that Plaintiff used reasonable diligence "*before* undertaking

substituted service on the [Secretary of State]."  *Dan-Bunkering (Am.), Inc. v. Ichor Oil, LLC*,

No. 3:20-CV-03341-S-BT, 2021 WL 4311677, at *3 (N.D. Tex. Sept. 21, 2021) (quoting *Nat'l*

*Multiple Sclerosis Soc'y v. Rice*, 29 S.W.3d 174, 176 (Tex. App.—Eastland 2000, no pet.)).

Plaintiff seemingly concedes that he did not use reasonable diligence to serve

Defendants' registered agent, but instead argues that there is good cause to extend the time for

service under Rule 4(m), which permits dismissal of a suit if the plaintiff fails to serve a

defendant within 90 days of filing, but provides that "if the plaintiff shows good cause for the

failure, the court shall extend the time for service for an appropriate period."  Fed. R. Civ. P. 4.

To establish good cause, a litigant must demonstrate "at least as much as would be required to

show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of

the rules usually does not suffice."  *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011,

1013 (5th Cir. 1990).

Plaintiff contends that there is good cause to extend the service deadline because he made

good faith attempts to serve Defendants via requesting a service waiver and attempting to serve

Defendants' attorney, before resorting to service through the Secretary of State.  Plaintiff also

4

argues that Defendants were aware of the lawsuit despite being served.  The Court disagrees. Rule 4(h) permits service only on an agent "authorized by appointment or by law to receive service of process," and the Fifth Circuit has noted that "service of process is not effectual on an attorney solely by reason of his capacity as attorney."  *Ransom v. Brennan*, 437 F.2d 513, 518 (5th Cir. 1971); *see also Winegarner v. Cinemark USA*, No. 3:08-CV-2232-N, 2009 WL 3199508, at \*4 (N.D. Tex. Oct. 5, 2009) ("[N]either the federal nor the [Texas] state rules permit service of process to be effected by serving an attorney who represents a defendant.").  The fact that Defendants may have otherwise known of the Complaint is irrelevant.  *See Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988) (actual notice is insufficient to satisfy Rule 4). Moreover, despite being aware of the service deficiency since July of 2021, when Defendants raised it in their motion to set aside the entry of default, Plaintiff has apparently made no effort to effectuate proper service in the interim, undermining his claim that there is good cause to extend the service deadline.  *See* ECF No. 23 at 10.

Finally, Plaintiff argues that because the statute of limitations has run on his claims, the Court should review Defendants' Motion under a heightened standard because dismissal would effectively be with prejudice, relying on *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980), and *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 212 (5th Cir. 1976).  However, both *Gonzalez* and *Boazman* discuss a heightened standard for dismissal under Rule 41(b) when a plaintiff fails to prosecute or to comply with a court order, and not dismissal under Rule 12(b)(5) for insufficient service of process, as applicable in this case.  *See Gonzalez*, 610 F.2d at 246–47; *Boazman*, 537 F.3d at 212–13.  Plaintiff provides no authority indicating that the same concerns raised in *Gonzalez* and *Boazman* concerning dismissal as a sanction under Rule 41(b) are applicable here.

## III.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED.**

**SO ORDERED**.

April 15, 2022.

_____
BARBARA M. G. LYNN
CHIEF JUDGE